UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
NEAMA ELZOGHARY,                              :
             Plaintiff,                   :
                                          :        **MEMORANDUM & ORDER**
     -against-                          :            **OF REMAND**
                                          :       **23-cv-5353(DLI)(PK)**
VICTOR ZELAYA-MONGE and PRIME    :
UNIFORM SUPPLY, INC.,                        :
             Defendants.                 :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Court Judge:**

On May 16, 2022, Neama Elzoghary ("Plaintiff") filed this personal injury action in New York State Supreme Court, Queens County ("state court") against Victor Zelaya-Monge ("Defendant Zelaya-Monge") and Uniform Supply, Inc. ("Defendant Uniform") (collectively "Defendants"), alleging state law tort claims in connection with an auto collision. *See,* Complaint ("Compl."), Dkt. Entry No. 1-1. On July 14, 2023, Defendants removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Removal Notice ("Notice"), Dkt. Entry No. 1, ¶ 18. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for failure to establish subject matter jurisdiction.

**DISCUSSION**

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.*  The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).   The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."  *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met.  *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties.  *Id*.  Here, the Court finds that Defendants have failed to meet their burden of establishing either jurisdictional requirement, warranting remand.[1]

## I.    Amount in Controversy Requirement

A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost.  *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  "[I]f the jurisdictional amount is not clearly alleged in [the] complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal

---

[1] It bears noting that Defendants also failed to demonstrate compliance with all the procedural requirements of removal.  Pursuant to 28 U.S.C. § 1446, "[p]romptly after the filing of [a] notice of removal[,] the defendant…shall file a copy of the notice with the clerk of [the] [s]tate court, which shall effect the removal and the [s]tate court shall proceed no further unless and until the case is remanded."  Here, Defendants have made no filings on the docket in this Court or the state court that demonstrate compliance with this requirement.  *See, Elzoghary v. Zelaya-Monge, et al.*, Index No. 710191/2023 (N.Y. Sup. Ct. Queens Co. 2023).

courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).  Here, the jurisdictional amount is not alleged in the Complaint and Defendants have not alleged facts sufficient to establish that the amount in controversy requirement is met, warranting remand.

Defendants allege that the amount in controversy is satisfied because defense counsel "had a telephone conversation with [P]laintiff's counsel [that was] followed up by an email from [Plaintiff's counsel] indicating [that Plaintiff's] settlement demand was $375,000."  Notice ¶ 12 (attaching email with demand as Exhibit C).   While Defendants submit a copy of the email showing Plaintiff's $375,000 settlement demand, "[s]ettlement demands generally are not reliable indicators of the amount in controversy."  *See, Rajacic v. Costco Wholesale Corp.*, 2021 WL 1238706, at *1 (E.D.N.Y. Mar. 31, 2021) (citing *Branford Paint Ctr., Inc. v. PPG Architectural Finishes, Inc.*, 2007 WL 329115, at *2 (D. CT. Feb. 1, 2007)).  Indeed, "settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages."  *Estate of Gallo v. Bob Evans Rest.,* 2018 WL 4932083, at *1 (W.D.N.Y. July 27, 2018), *report and recommendation adopted,* 2019 WL 350163 (W.D.N.Y. Jan. 29, 2019) (internal citations and quotation marks omitted).

Thus, "[while] some courts have considered settlement demands in determining the amount in controversy, they have done so with caution," warning that "[a] settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy." *Branford,* 2007 WL 329115, at *2; *See*, *Estate of Gallo*, 2018 WL 4932083, at *1 ("[A] settlement offer should not necessarily be determinative of the amount in controversy.")   As such, courts considering settlement demands made prior to removal have viewed such offers as "'only one factor to consider in assessing the amount in controversy,'" explaining that "'courts must consider the context in

which such a settlement demand was made.'" *Daly v. United Airlines, Inc*., 2017 WL 3499928, at *3 (D. CT. Aug. 16, 2017) (quoting *Vermande v. Hyundai Motor America, Inc*., 352 F. Supp.2d 195, 202-03 (D. CT. 2004) (collecting cases)); *See, Estate of Gallo*, 2018 WL 4932083, at *1 (same).  Here, the Notice provides no information regarding the context or circumstances of the settlement demand, nor does it provide any indication of "how Plaintiff arrived at this specific number."  *See, Daly*, 2017 WL 3499928, at *3.  It also remains unclear whether the number demanded includes interest and costs, both of which must be excluded in calculating the jurisdictional threshold amount.  *See*, 28 U.S.C. § 1332(a).

Moreover, and significantly, neither the Complaint nor the Notice provide any information concerning the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses or damages Plaintiff purportedly suffered.  Thus, the Court is left to guess at the amount in controversy based on the settlement demand which, as noted, provides no context for the amount sought, and the Complaint's boilerplate allegations that Plaintiff "sustained severe and permanent personal injuries, became sore and physically limited[,] was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated[, and] will suffer a loss and/or limitation of quality and enjoyment of life." Compl. at ¶ 29.

Notably, such boilerplate allegations are too generalized to enable the Court to "draw a reasonable inference[,] as opposed to speculating[,] that the damages or amount in controversy exceeds $75,000."  *See, e.g., Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *King v. J.B. Hunt Transport, Inc.,* 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) (remanding case in light of boilerplate allegations that plaintiff

"sustained severe and protracted personal injuries, endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings and medical expenses, [and] lost the enjoyment of life").   Accordingly, Defendants have failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, and, thus, have not established this Court's subject matter jurisdiction, warranting remand.

Significantly, Defendants were not without recourse to determine the amount of damages Plaintiff seeks.   "As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). Defendants "could have availed [themselves] of this procedural mechanism that permits a defendant in 'an action to recover damages for personal injuries' to, 'at any time[,] request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.'"   *See, Doe v. Warner,* 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023) (quoting N.Y. C.P.L.R. § 3017(c)).   Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information.   N.Y. C.P.L.R. § 3017(c).   Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Thus, instead of removing the action to this Court prematurely, Defendants could, and should, have availed themselves of this mechanism.   *See, e.g., Warner,* 2023 WL 2349914, at *4

(finding removal of state action "premature" where defendant "failed to avail himself of" N.Y. C.P.L.R. § 3017(c) to determine the amount of damages plaintiff sought before removing); *Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (same). Having failed to do so, Defendants "'proceed[ed] at [their] peril' in removing this case and 'simply presuming that [their] allegations [would] be deemed sufficient with respect to the required amount in controversy.'" *See, Warner*, 2023 WL 2349914, at *4 (quoting *Cavaleri*, 2021 WL 951652, at *3 (collecting cases)).

## II.   Diversity of Citizenship Requirement

While Defendants' failure to establish the amount in controversy alone suffices to warrant remand, Defendants also have failed to establish diversity of citizenship because they have failed to establish the citizenship of Plaintiff, an individual, and Defendant Uniform, a corporation.

"[A]n individual's citizenship for diversity purposes is determined by his or her domicile, not his or her residence." *Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, 2013 WL 5929816, at *2 (D. CT. Nov. 4, 2013) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997). Here, Defendants allege only that, "[a]t the time the Complaint was filed, [P]laintiff was a resident of the state of New York" and are silent as to Plaintiff's citizenship or domicile. *See,* Notice ¶ 14. The Complaint also is silent as to Plaintiff's citizenship or domicile. *See,* Compl. ¶ 1 (stating only that Plaintiff *resides* in Queens, New York) (emphasis added). Moreover, Defendants allege Plaintiff's residence only "[a]t the time the Complaint was filed" providing no information as to Plaintiff's citizenship at the time of removal. Notice ¶ 14; *See, Sherman v. A.J. Pegno Constr. Corp.,* 528 F. Supp.2d 320, 325-26 (S.D.N.Y. 2007) (collecting cases providing that "the party invoking diversity jurisdiction must demonstrate that

complete diversity among the parties existed at the time removal was sought to federal court" and at the time the action was commenced in state court); *See also*, *United Food & Comm. Workers Union,* 30 F.3d at 301 (mentioning same).  Accordingly, the allegations provided are insufficient to establish or determine Plaintiff's citizenship for diversity purposes.

A corporation's citizenship is determined by place of incorporation and principal place of business.  As "[c]orporations are citizens of every state in which they are incorporated and have their principal places of business," diversity jurisdiction "is unavailable when a [party] fails to allege both a corporation's state of incorporation and its principal place of business."  *Int'l. Flight Resources, LLC v. Aufiero*, 2022 WL 540660, at *1 (S.D.N.Y. Feb. 23, 2022); *Clarke v. Fisher-Park Lane Owner LLC*, 2022 WL 1468432, at *3 (S.D.N.Y. May 10, 2022) (internal citations and quotation marks omitted).

Here, Defendants allege only that, "[Defendant Uniform] was a Foreign Corporation organized and existing under the laws of the State of New Jersey."  Notice ¶ 16.  This allegation identifies Defendant Uniform's place of incorporation as New Jersey, but does not identify its principal place of business.  The allegation also states that Defendant Uniform is a "[f]oreign [c]orporation" but Defendants allege no further information. *Id.*  This is significant because, even if Defendant Uniform is incorporated in a foreign country, the location of its principal place of business still would be necessary [to determine citizenship] because "[a]n entity, [even if] incorporated in a foreign country, with its principal place of business in the U.S. is deemed to be a citizen of both the foreign country and the U.S. state of its principal place of business."  *SHLD, LLC v. Hall*, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015).

Lastly, as with the allegations regarding Plaintiff's citizenship, Defendants allege Defendant Uniform's citizenship only "[a]t the time the Complaint was filed" not at the time of

removal.  As the allegations provided are insufficient to establish or determine Defendant Uniform's citizenship, this Court also lacks subject matter jurisdiction for failure to establish diversity of citizenship.

It bears noting that Defendants also failed to comply with the recently enacted Fed. R. Civ. P. 7.1(a)(2), which states that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)," a party "must, unless the court orders otherwise, file a disclosure statement" which "must name[,] and identify the citizenship of[,] every individual or entity whose citizenship is attributed to that party" at the time the action is "filed in or removed to federal court."  Fed. R. Civ. P. 7.1(a)(2).  Furthermore, a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]"  Fed. R. Civ. P. 7.1(b).  Here, Defendants have not filed a disclosure statement in compliance with this rule.

## CONCLUSION

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Queens County, under Index No. 710191/2023, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
          September 19, 2023

                                        /s/
                        _____
                              DORA L. IRIZARRY
                         United States District Judge